**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**STEPHEN DIAMOND,**

    **Plaintiff,**

**v.**                                                **Case No.  8:05-cv-540-T-23TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
                                             /

**O R D E R**

The Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income payments. For the reasons set out herein, the decision is reversed and remanded.

I.

Plaintiff was fifty years of age at the time of his administrative hearing. He stands 5', 9" tall and weighed 150 pounds. Plaintiff has a high school education and two years of college. His past relevant work was as a self-employed carpenter. Plaintiff applied for Supplemental Security Income payments in November 2001, alleging disability as of January 1, 1998, by reason of Buerger's disease. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ").[1] In essence, Plaintiff claimed that he could no longer work at any job by reason of complications from Buerger's disease. Although he acknowledged attempting to continue to work as a carpenter and do odd jobs for people, he claimed that his recent work attempts had generally been unsuccessful and did not generate a lot of income. Plaintiff described constant pain in his hands and feet and a loss of functional ability. Thus, Plaintiff claimed he was unable to squeeze the trigger on a tool or close his hands all the way, and gripping an item was painful. Plaintiff stated that he can manipulate small objects with his hands, though he is not able to pick up coins off the table or sidewalk. He is able to write with a pen and feed himself.

According to Plaintiff, he can stand for an hour but with pain. He said that the pain is greater in his feet than his hands, and sometimes he has swelling as well. Plaintiff also described spasms and muscle cramping in his arms, hands, feet, and legs, and numbness and tingling on the end of his fingers. By his account, the condition of his hands and feet is worsening and is aggravated by temperature extremes. He testified that when he experiences "attacks," he is 100% crippled and unable to do anything. Plaintiff takes Vicodin and Percocet for the pain in his hands and feet, and he soaks his hands in Epson salt and warm water. He also takes a blood thinner, sinus medication and Neurontin. Plaintiff alleged that the medications slow him down.

---

[1] At the outset of the hearing, the ALJ noted that, "there's a second file that was obviously put together sometime before," and he stated that he had considered all the exhibits "to include in an examination by Dr. George Adams which is located –which was completed on December 1, 2000." See (R.177).

Plaintiff testified that he has been homeless since February 2003, and he sleeps in his broken down van. Although he has family, Plaintiff said that they do not want him living with them. He stopped smoking close to a year ago and he does not drink. See Plaintiff's testimony (R. 178-93).

The ALJ also took testimony from Gerald Willi, a vocational expert (hereinafter "VE"). Initially, the VE was asked to assume an individual 50 years of age with a high school and some college education and Plaintiff's past work experience; with the capacity for light to medium work; with frequent limitation for performing any task requiring manual dexterity or prolonged standing; but capable of performing routine tasks in an environment without temperature extremes. Upon questioning by the VE, the ALJ clarified such person was capable of occasional manual dexterity. Upon this assumption, the VE testified that such person could not perform Plaintiff's past work but could perform light exertional work at jobs such as a sales attendant, night watchman or gate attendant, and parking lot attendant. See VE's testimony (R. 193-97).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are addressed herein as necessary.

By his decision of June 26, 2003, the ALJ determined that while Plaintiff has severe impairments related to Buerger's disease[2] and peripheral vascular disease, he nonetheless had the residual functional capacity for light to medium work with frequent limitations for performing tasks requiring manual dexterity and prolonged standing but

---

[2]This condition is described by the ALJ as an inflamation of arteries in the hands and feet. See (R. 15).

3

capable of performing routine tasks in an environment without temperature extremes. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 14-20). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment,'" under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton

v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises five claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) Did the ALJ err in not giving great weight to the opinion of Claimant's treating physician that Claimant was not disabled;

(2) The Appeals Council erred by refusing to consider new evidence submitted to it and by denying review for consideration of new and material evidence;

(3) The decision of the ALJ contains factual error and it is unclear as to whether the transcript of the record is complete;

(4) The ALJ erred in failing to follow the sequential evaluation process in determining whether Claimant was disabled; and

(5) The ALJ erred in his analysis of Claimant's subjective symptoms including pain.

Because Plaintiff's third claim necessitates remand, it is the only claim I address in detail. By this claim, Plaintiff contends that the ALJ has created a confusing record based on factual inconsistencies which requires a remand for clarification. As indicated above, the ALJ noted at the outset of the administrative hearing that he had considered a previously composed "second file." In particular, he referenced an examination by Dr. George Adams on December 1, 2000. See (R. 177). Additionally, as pointed out by Plaintiff, the record contains a disability report that references a prior application for disability benefits as well as SSI. See id. at 54. This note reflects a denial on December 15, 2000, at the initial consideration level, and that the interviewer was unable to locate the file. Id. During the hearing, Plaintiff also referenced earlier efforts to obtain benefits. See id. at 185. In his decision, however, the ALJ erroneously stated the Plaintiff had not previously filed an application for benefits. In any event, the exhibits reviewed by the ALJ, including the report by Dr. Adams, are not a part of the record before the court.

Citing Eleventh Circuit case law, Plaintiff argues that the ALJ reopened Plaintiff's prior claim because the ALJ based his decision on a review of the prior record and

6

did not apply *res judicata.* As a consequence, Plaintiff urges that, at a minimum, a remand is necessary to clarify the situation. The Commissioner fails to respond to this argument.

A final decision is deemed reopened if the ALJ does not apply *res judicata* and bases an ultimate determination on a review of the record in the prior application. See Wolfe v. Chater, 86 F.3d 1072, 1079 (11th Cir. 1996) (citing Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir. 1985)). "Generally, a final decision by the [Commissioner] will be deemed reopened if it is 'reconsidered on the merits to any extent and at any administrative level.'" Id. at 1078.

The pronouncement by the ALJ that he had considered a second file which included medical evidence and his failure to address *res judicata* suggests that the case was in fact reopened. If so, the evidence before the ALJ from this prior claim, including Dr. Adams's report, should be, but is not, before the court. As the Plaintiff urges, under the "substantial evidence" standard, a reviewing court must view the entire record and not just those portions that support the ALJ's conclusions. Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983). Absent a complete file, I do not see how I can conduct the necessary review. At a minimum, the record as well as the ALJ's decision are confusing. Where the court cannot determine from a decision whether the ALJ employed the applicable standards, it cannot effectively perform its duty on review and a remand is required. Jamison v. Bowen, 814 F.2d 585, 588-89 (11th Cir. 1987). Such is the case here.[3]

---

[3]Having reached this conclusion, the court need not address the remaining issues. However, since the case will again be before the ALJ, it is worth pointing out that the note at exhibit 6F, which the ALJ discounted as having come from "some health provider," appears to have come from Dr. Vargas, whom Plaintiff contends is a treating physician. If so, her records and opinions are entitled to substantial weight absent a showing of good cause to the contrary. See Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). Further, it is apparent that Plaintiff suffers

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards. The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 17th day of February 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

medical conditions which reasonably could account for his pain, and it appears that certain of the reasons relied upon by the ALJ in discounting his complaints of such are no longer supported by substantial evidence. If the ALJ seeks to discount these complaints again, he must articulate explicit and adequate reasons for doing so. See Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).